UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| MICHAEL SANDUSKY, <br><br> Plaintiff, <br><br> v. <br><br> LTD FINANCIAL SERVICES, L.P., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:21-cv-11275 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MICHAEL SANDUSKY ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of LTD FINANCIAL SERVICES, L.P. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C.

1

§§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing within the Eastern District of Michigan.

5. Defendant is a debt collector that collects upon debts from consumer across the country. Defendant is limited partnership organized under the state of Texas and its' principal place of business is located at 3200 Wilcrest Drive, Houston, Texas 77042. Defendant regularly collects upon consumers located in the State of Michigan.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a credit card debt financed through the Bank of Missouri ("subject consumer debt").

8. After Plaintiff's purported default on the subject consumer debt, it was charged off and turned over to Defendant for collection purposes.

9. On or around March 31, 2021, Plaintiff received a letter from Defendant which contained credit card statements relating to the subject consumer debt.

10. These credit card statements indicated Plaintiff did not owe any money on the subject consumer debt. *See* Exhibit A which contains a copy of the correspondence Plaintiff received from Defendant.

11. Shortly after receiving this letter, Plaintiff began receiving collection calls to his cellular phone (248) XXX-2323, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole operator of the cellular phone ending in –2323. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has called Plaintiff mainly using the phone number (833) 959-0355, but upon belief, Defendant has used other phone numbers as well.

14. Upon information and belief, the above referenced phone number ending in 0355 is regularly utilized by Defendant during its debt collection activities.

15. Upon speaking with Defendant's representative, Plaintiff was informed that Defendant was seeking to collect on the subject debt.

16. Plaintiff was shocked and confused by Defendant's collection campaign as he has received correspondence from Defendant indicating that he did not owe a balance on the subject consumer debt.

17. During Plaintiff's phone conversations with Defendant, he informed Defendant's representative that he had received correspondence from Defendant indicating that he does not owe the subject consumer debt and Defendant informed Plaintiff to disregard the letter he received on or around March 31, 2021 and that Defendant would mail him with a new letter.

18. During one of the phone calls Plaintiff had with Defendant, Defendant abruptly ended the call when Plaintiff began asking questions relating to the subject consumer debt.

19. Plaintiff requested that Defendant cease placing calls to his cellular phone.

20. Defendant continued placing repeated phone calls to Plaintiff's cellular phone attempting to collect upon the subject debt, notwithstanding its knowledge that Plaintiff had demanded that the phone calls stop.

21. Plaintiff has received dozens of phone calls from Defendant seeking collection of the subject consumer debt even after Plaintiff requested that Defendant cease contacting him.

22. On or around May 3, 2021, Plaintiff received a collection letter from Defendant indicating that Plaintiff owes $513.57 on the subject debt. *See* Exhibit B contains a copy of this correspondence.

23. Frustrated and angered over Defendant's conduct, Plaintiff spoke with his undersigned attorneys regarding his rights, resulting in exhausting time and resources.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies excessive collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, diminished space for data storage on his cellular phone, emotional pain and suffering and distress stemming from dealing with Defendant's misleading and deceptive behavior.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

5

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.    **Violations of the FDCPA §1692c(a)(1) and §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

32. Furthermore, §1692d(5) prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being made aware that Plaintiff's does not owe the subject consumer debt and his request that it cease contacting him on his cellular phone. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of his

demands was harassing and abusive. The frequency, volume, and pattern of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent to annoy and harass him into making a payment on a debt he does not owe.

34. Defendant further violated 15 U.S.C. §1692d when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of abruptly ending a phone call while Plaintiff was asking questions pertaining to the subject consumer debt.

**b. Violations of the FDCPA § 1692e**

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to

7


Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him, which it lost after Plaintiff demanded that the calls stop.

38. Furthermore, Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) when it provided conflicting information regarding the payment due on the subject debt. The letter Plaintiff received on or around March 31, 2021, clearly indicates that Plaintiff does not owe any money on the subject consumer debt. However, in the collection letter Plaintiff received on or around May 3, 2021, Defendant states that Plaintiff owes $513.57 on the subject debt.

   c.  **Violations of FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

41. Additionally, Defendant violated §1692f when it unfairly and unconscionably provided Plaintiff with conflicting information about the subject

8

consumer debt.  On March 31, 2021, Defendant provided Plaintiff with documentation that clearly demonstrate that he does not owe a balance on the subject consumer debt but on May 3, 2021 Defendant sent Plaintiff a collection letter seeking payment of $513.57.  It was unfair and unconscionable for Defendant to provide Plaintiff with conflicting information about the subject consumer debt.

42. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, MICHAEL SANDUSKY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

45. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

46. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(f)(ii)

47. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

48. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff despite him demanding that it cease contacting him. Any hypothetical lawful ability of Defendant to place the calls at issue was explicitly extinguished after Plaintiff demanded that it cease calling his cellular phone. As such, Defendant misrepresented its legal rights in

placing the phone calls, as well as Plaintiff's legal rights to have such phone calls cease, by attempting to contact Plaintiff's cellular phone absent the lawful ability to do so.

49. Furthermore, through providing Plaintiff with conflicting information regarding the subject consumer debt, Defendant misrepresented the extent to which Defendant and the original creditor of the subject consumer debt had a legal right to collect the subject debt from Plaintiff, when in fact Plaintiff did not owe the subject debt.

### b. Violations of M.C.L. § 339.915(n)

50. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

51. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff dozens of times after he demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in defiance of the information provided by Plaintiff was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after

Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

### c. Violations of M.C.L. § 339.915(q)

52. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

53. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Upon information and belief, Defendant lacks any procedures designed to insure that, upon a debt being placed with it for collection, the consumer actually owes the debt sought to be collected.

54. Defendant's violations of the MOC were willful. Defendant, at first, provided Plaintiff with documentation which clearly illustrate that he does not owe the subject consumer debt. But shortly after this, it began placing collection calls to Plaintiff's cellular phone to collect upon the subject consumer debt. When Plaintiff disputed owing the subject consumer debt, Defendant simply told him to disregard the letter he received and indicated that he is obligated to pay the subject consumer debt.

55. Additionally, Defendant's was notified by Plaintiff that he did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding his demands. Upon information and belief, Defendant

regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiff, MICHAEL SANDUSKY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 28, 2021                                             Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
*Counsel for Plaintiff*
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)

(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com